**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2676-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

E.M.B.,

     Defendant-Appellant.

_____

Submitted November 9, 2021 – Decided November 23, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 19-08-1629.

Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the briefs).

Cary Shill, Acting Atlantic County Prosecutor, attorney for respondent (Kristen Pulkstenis, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

After defendant E.M.B.[1] pled guilty to second-degree aggravated assault, the trial judge sentenced her to five years in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and three years of parole supervision upon release. On appeal, defendant challenges her sentence and raises the following contentions:

> POINT I
>
> DEFENDANT IS ENTITLED TO HAVE THE COURT CONSIDER HER YOUTH AS A MITIGATING FACTOR IN ACCORDANCE WITH P.L. 2020, Chapter 110. DEFENDANT'S SENTENCE SHOULD BE VACATED AND THE MATTER REMANDED FOR RESENTENCING.
>
> > 1. The October 19, 2020, Statutory Amendment to N.J.S.A. 2C:44-1(b)'s List of Mitigating Factors.
> >
> > 2. Defendant and Similarly Situated Defendants Are Entitled To A Remand Under The Provisions Of The Savings Statute, N.J.S.A. 1:1-15, Because The Amendment: Pertained To A Mode of Procedure, The Proceedings On The Indictment Are Ongoing, And A Remand Is Practicable.
>
> POINT II
>
> THE AMENDMENT TO N.J.S.A. 2C:44-1(b) SHOULD BE APPLIED TO DEFENDANT'S PENDING APPEAL UNDER THE TIME-OF-

---

[1] We use initials to preserve confidentiality in accordance with R. 1:38-3(c)(12) and R. 1:38-3(d)(5).

A-2676-19

DECISION RULE, BECAUSE IT WAS AN AMELIORATIVE REVISION THAT THE LEGISLATURE ENACTED TO BE EFFECTIVE IMMEDIATELY.

POINT III

THE SENTENCE SHOULD BE VACATED AND THE MATTER REMANDED FOR RESENTENCING BECAUSE THE SENTENCING COURT IGNORED A MITIGATING FACTOR CLEARLY PRESENT IN THE RECORD; FAILED TO STATE THE REASONS FOR THE SENTENCE; AND CONSIDERED IN AGGRAVATION JUVENILE OFFENSES WHICH WERE DIVERTED FROM ADJUDICATION.

For the reasons that follow, we vacate defendant's sentence and remand for resentencing.

During her plea colloquy, defendant admitted stabbing the victim, and stated she took "full responsibility" for her actions even though she "was under the influence" and "high" at the time of the offense. In return for her guilty plea, the State agreed to recommend that the judge sentence defendant to five years in prison subject to NERA and dismiss other charges pending against her.

At the sentencing hearing, defendant's attorney asked the judge to sentence defendant "in accordance with the plea agreement." The attorney did not identify any specific mitigating factors for the judge to consider under

N.J.S.A. 2C:44-1(b). In turn, the prosecutor did not argue for any specific aggravating factors under N.J.S.A. 2C:44-1(a).

In a very brief oral decision, the judge found aggravating factors three, N.J.S.A. 2C:44-1(a)(3), and nine, N.J.S.A. 2C:44-1(a)(9), and no mitigating factors.[2] The judge stated that the aggravating factors "preponderate[d] over the absence of mitigating factors." The judge then imposed the five-year NERA sentence set forth in the plea agreement.

We employ a deferential standard when reviewing a trial court's sentencing decision. State v. Grate, 220 N.J. 317, 337 (2015); State v. Fuentes, 217 N.J. 57, 70 (2014). "[A] trial court should identify the relevant aggravating and mitigating factors, determine which factors are supported by a preponderance of evidence, balance the relevant factors, and explain how it arrives at the appropriate sentence." State v. O'Donnell, 117 N.J. 210, 215 (1989). The court "must qualitatively assess" the factors it finds, and assign each "its appropriate weight." State v. Case, 220 N.J. 49, 65 (2014).

The court must "explain clearly why an aggravating or mitigating factor presented by the parties was found or rejected and how the factors were balanced

_____

[2] The judge noted that defendant was eighteen years old at the time of the offense, but stated defendant's "extreme youth" was not a mitigating factor under N.J.S.A. 2C:44-1(b).

A-2676-19

to arrive at the sentence." Id. at 66 (citing Fuentes, 217 N.J. at 73). However, the court must also consider "mitigating factors that are suggested in the record[.]" State v. Blackmon, 202 N.J. 283, 297 (2010). Where mitigating factors "are amply based in the record . . . , they must be found." State v. Dalziel, 182 N.J. 494, 504 (2005). "In short, mitigating factors 'supported by credible evidence' are required to 'be part of the deliberative process.'" Case, 220 N.J. at 64 (quoting Dalziel, 182 N.J. at 505).

We begin by addressing defendant's contention that the trial judge should have considered the applicability of mitigating factor four, N.J.S.A. 2C:44-1(b)(4). This factor permits the court to examine whether "[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense[.]" Ibid.

Here, evidence in the record clearly supported a consideration of mitigating factor four. As the judge found, defendant suffered from ADHD, substance abuse, "anger management issues," anxiety, and depression. Defendant also reported "a significant history of trauma prior to adulthood" which, according to her presentence report, included two sexual assaults when she was seventeen years old. However, the judge did not explain the significance of these findings, refer to mitigating factor four, or explain her

failure to do so. Because the judge did not provide a "qualitative analysis" or "insight into the sentencing decision" on this issue, we conclude a remand is required to consider mitigating factor four. See Case, 220 N.J. at 65.

The judge's findings on aggravating factors three and nine are also lacking. Aggravating factor three permits the sentencing court to consider "[t]he risk that the defendant will commit another offense[.]" N.J.S.A. 2C:44-1(a)(3). "A court's findings on the risk of re-offense should 'involve determinations that go beyond the simple finding of a criminal history and include an evaluation and judgment about the individual in light of his or her history.'" State v. Locane, 454 N.J. Super. 98, 125 (App. Div. 2018) (quoting State v. Thomas, 188 N.J. 137, 153 (2006)).

In her sentencing decision, however, the judge only referred to defendant's criminal history. The judge stated defendant had no adult convictions, but had "juvenile arrests for simple assault and false reports to law enforcement." Nothing in the record indicates that a court rendered adjudications for these offenses, and defendant's presentence report states that the juvenile matters were diverted. The judge's decision does not include the required "evaluation and judgment" about defendant "in light of . . . her history" in connection with this factor. Ibid.

The judge also did not sufficiently explain her application of aggravating factor nine, which allows the sentencing judge to consider whether there is a "need for deterring the defendant and others from violating the law[.]" N.J.S.A. 2C:44-1(a)(9). The need to deter may be established even where the defendant has no prior criminal record. Fuentes, 217 N.J. at 80.

As with aggravating factor three, the judge must make "determinations that go beyond the simple finding of a criminal history and include an evaluation and judgment about the individual in light of his or her history." Thomas, 188 N.J. at 153. Here, however, the judge only referred to defendant's juvenile arrest record in finding aggravating factor nine, and failed to explain her decision to apply this factor in light of defendant's history.

Because the judge did not make sufficient findings concerning her evaluation and application of aggravating factors three and nine, and mitigating factor four, we must vacate defendant's sentence and remand for express consideration of these factors. We suggest no opinion as to the judge's ultimate findings or resultant sentence.

In light of this determination, we need only briefly comment upon defendant's argument that N.J.S.A. 2C:44-1(b)(14) "should be applied to [her] pending appeal . . . ." The trial judge sentenced defendant on November 15,

2019. Our Legislature later enacted N.J.S.A. 2C:44-1(b)(14) which, effective October 19, 2020, allows a sentencing judge to consider a defendant's youth as a statutory mitigating factor. Defendant argues that this statute should apply to her retroactively even though she was sentenced prior to its enactment. The State disagrees.

Because of the unique procedural posture of this case, we need not address this specific issue. We have vacated defendant's sentence and remanded for resentencing. As this court recently observed, "[w]hen an appellate court orders a resentencing, a defendant is ordinarily entitled to a full rehearing." State v. Bellamy, 468 N.J. Super. 29, 39 (App. Div. 2021) (citing Case, 220 N.J. at 70). Thus, "[t]he resentencing judge must 'view [the] defendant as [s]he stands before the court on that day unless the remand order specifies a different and more limited resentencing proceeding . . . ." Id. at 39-40 (alteration in original) (quoting State v. Randolph, 210 N.J. 330, 354 (2012)). Because the judge who will resentence defendant will view her "as [s]he stands before the court on that day[,]" the judge may consider defendant's arguments concerning her age at the time she committed the offense involved in this case and apply the new mitigating factor set forth in N.J.S.A. 2C:44-1(b)(14). Id. at 44 (quoting Randolph, 210 N.J. at 354).

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2676-19